Electronically Filed
6/30/2022 5:33 PM
Steven D. Grierson
CLERK OF THE COURT

CASE NO: A-22-854858-C
Department 32

**COMP**
BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
ASH MARIE BLACKBURN, ESQ.
Nevada Bar No. 14712
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
Tel: (702) 464-5000
Fax: (702) 463-4440
ash@mwinjury.com
*Counsel for Plaintiff*

**MAINOR WIRTH, LLP**
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| FABIOLA FRAGOSO, individually;<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART, INC., a foreign corporation; DOE EMPLOYEES; DOE MANAGERS; DOES I – XX, inclusive; and ROE CORPORATIONS I – XX, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT. NO.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, FABIOLA FRAGOSO, by and through her counsel of record, BRADLEY S. MAINOR, ESQ., JOSEPH J. WIRTH, ESQ., and ASH MARIE BLACKBURN, ESQ. of the law firm MAINOR WIRTH, LLP, and for her claims for relief against Defendants, and each of them, alleges as follows:

///

///

///

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

**I.**

**PARTIES AND JURISDICTION**

1. At all times relevant herein, Plaintiff FABIOLA FRAGOSO is, and was, a resident of the County of Clark, State of Nevada;

2. Plaintiff is informed and believes, and thereupon alleges, that Defendant, WAL-MART, INC., is, and at all relevant times herein was, a foreign corporation duly licensed and doing business in Clark County, State of Nevada.

3. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants, DOE EMPLOYEES, DOE MANAGERS, DOES I through XX, and ROE CORPORATIONS I through XX, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated as DOE EMPLOYEES, DOE MANAGERS, DOES I through XX and ROE CORPORATIONS I through XX are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to the Plaintiff as alleged herein. The legal responsibility of said Defendants DOE EMPLOYEES, DOE MANAGERS, DOES I through XX and ROE CORPORATIONS I through XX arises out of, but is not limited to, their status as owners and/or employees, and/or their maintenance, entrustment, construction, manufacture, sale, and/or service of the premises and/or any fixtures within the premises, which Defendants, and each of them, were operating and/or controlling at the time of the subject injury, and/or their agency, master/servant or joint venture relationship with said Defendants. This includes Defendants who caused a hazard to be on the floor of the premises, who failed to reasonably inspect the premises as part of their job duties, who failed to reasonably maintain the premises as part of their job duties, who failed to reasonably train, monitor and manage those responsible for inspecting and maintain the premise. The breach of

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

such duties caused injury to Plaintiff as described herein. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants, and when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations.

4. That the facts and circumstances giving rise to the subject lawsuit occurred at Wal-Mart, store no. 2884, located at 8060 W. Tropical Pkwy, Las Vegas, Nevada, 89149.

**II.**

**STATEMENT OF FACTS**

5. On or about July 5, 2020, DEFENDANTS, and each of them, owned and/or controlled the premises commonly known as Wal-Mart, store no. 2884, located at 8060 W. Tropical Pkwy, Las Vegas, Nevada, 89149 (hereinafter "the subject premises").

6. That on or about July 5, 2020, Plaintiff FABIOLA FRAGOSO (hereinafter "Plaintiff FRAGOSO") was a business invitee and/or guest of DEFENDANTS and was legally upon the subject premises at the time of the subject incident complained of herein.

7. That on or about July 5, 2020, Plaintiff FABIOLA FRAGOSO was blind.

8. That on or about July 5, 2020, Plaintiff FRAGOSO was shopping for potting soil in the outdoor garden section at the subject premises. As Plaintiff FRAGOSO was walking through the garden section, water covered the ground. As a result of the wet floor, Plaintiff slipped and fell, landing on the concrete. Plaintiff's clothes became wet from water on the ground.

9. This incident, hereinafter referred to as "Subject Incident", caused significant and permanent injuries to Plaintiff FRAGOSO.

**III.**

**FIRST CAUSE OF ACTION**
**(Negligence, Including Vicarious Liability – All Defendants)**

10. Plaintiff hereby repeats, realleges and incorporates by reference, each and every allegation set forth above as if fully set forth herein.

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

11. Defendants WAL-MART, DOE EMPLOYEES, DOE MANAGERS, DOES I – XX, and ROE CORPORATIONS I – XX owed duties of care to Plaintiff FRAGOSO and WAL-MART customers to provide a safe environment and premises, and to take reasonable safety measures in the cleaning, inspection, maintenance, and overall conditions of the floor, equipment, displays, products, and general area in and around WAL-MART's garden department. In complete disregard of their duty, Defendants, and each of them, allowed for a dangerous hazard to exist and cause serious injury to Plaintiff.

12. Defendants WAL-MART, DOE EMPLOYEES, DOE MANAGERS, DOES I – XX, and ROE CORPORATIONS I – XX breached their duties of care, including but not limited to the following manners of breach:

a. Negligently inspecting, maintaining, cleaning and/or drying the floors, premises, and overall area in and around the garden department and location of the Subject Incident, and/or negligently causing water to be on the ground without adequate procedures, precautions, and/or warnings, so as to create a hazardous condition(s) in and around the area of the Subject Incident;

b. Negligently overseeing and supervising employees responsible for and/or involved in the duties of cleaning and maintaining the floors and overall garden department, and/or failing to assign a reasonable and sufficient number of employees to perform these duties to ensure that Defendants' premises is reasonably safe and that there are no hazardous conditions on or around the floor;

c. Failing to stay reasonably and adequately informed and updated about WAL-MART's safety measures and precautions to prevent, clean, and remedy hazards on the floor;

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

d. Failing to stay reasonably informed and updated about the conditions and needs of the garden department and surrounding area;

e. Failing to warn Plaintiff of the presence of said hazardous condition(s).

13. Defendants' breaches of their duties created an unreasonably hazardous condition(s) and risk of harm on the premises and in the area where Plaintiff FRAGOSO slipped and fell, over which Plaintiff had no control.

14. As a direct and proximate cause of the aforesaid actions, breach, and negligence of Defendants, and each of them, Defendants WAL-MART, DOE EMPLOYEES, DOE MANAGERS, DOES I – XX, and ROE CORPORATIONS I – XX directly or indirectly caused an excessive amount of water to be on the floor of WAL-MART's premises, creating a hazardous condition. Plaintiff unknowingly and inadvertently stepped in this excessive amount of water, causing her to slip, fall and sustain significant and permanent injuries, resulting in the damages set forth herein.

15. As a direct and proximate result of the negligence of DEFENDANTS, Plaintiff FRAGOSO was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

16. As a further and direct and proximate result of the negligence of Defendant, Plaintiff FRAGOSO incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

17. Plaintiff has been required to retain the services of MAINOR WIRTH to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

**IV.**

**SECOND CAUSE OF ACTION**
**(Premises Liability)**

18. Plaintiff hereby repeats, realleges and incorporates by reference, each and every allegation

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

set forth above as if fully set forth herein.

19. That on or about July 5, 2020, it was the duty of DEFENDANTS, and each of them, to use reasonable care and diligence to keep and maintain the floors of the subject premises in a condition reasonably safe for its intended uses and free from all conditions which would render them dangerous and unsafe for Plaintiff FRAGOSO or present an unreasonable risk of harm to her during her lawful use of the subject premises.

20. That it was the duty of DEFENDANTS to exercise reasonable care to protect Plaintiff FRAGOSO by inspection, maintenance, and other affirmative acts from the danger of reasonably foreseeable injury occurring from her lawful use of the subject premises.

21. That it was the duty of DEFENDANTS to have available sufficient personnel and equipment to properly inspect, maintain and/or warn of a hazard on the subject premises so as to keep it in a condition reasonably safe for Plaintiff FRAGOSO and free from conditions rendering it unsafe.

22. That it was the duty of DEFENDANTS to warn Plaintiff FRAGOSO of the dangerous and unsafe condition then existing upon the subject premises.

23. DEFENDANTS breached their duty by negligently failing to control, supervise, repair, clean, and maintain the subject premises and further failing to warn Plaintiff FRAGOSO of hazard which resulted in her injury.

24. DEFENDANTS breached their duty to maintain the premises in a safe condition and manner, rendering the premises to be a hazard and dangerous for usage by persons lawfully on the subject premises.

25. That the resulting injuries to Plaintiff FRAGOSO were caused by the negligence and carelessness of DEFENDANTS, who failed to utilize reasonable care in the inspection and/or

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

maintenance of the subject premises, and the aforesaid acts of negligence were the proximate cause of the injuries sustained by Plaintiff FRAGOSO.

26. As a direct and proximate result, Plaintiff FRAGOSO was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

27. As a further and direct and proximate result of the subject incident, Plaintiff FRAGOSO incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

28. Plaintiff has been required to retain the services of MAINOR WIRTH to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

**IV.**

**THIRD CAUSE OF ACTION**
**(Negligent Hiring, Training and Supervision – All Defendants)**

29. Plaintiff hereby repeats, re-alleges and incorporates by reference Paragraphs 1 through 28 above as if fully set forth herein.

30. Defendants owed Plaintiff a duty to utilize reasonable application, screening, and hiring processes for all its employees, agents, servants, partners, associates, and/or associations to perform the necessary job functions and ensure that safety measures were in place to safely and properly prevent, inspect, maintain and/or warn of any hazardous conditions on the subject premises.

31. Defendant breached its duty by failing to utilize reasonable application, screening, and hiring processes for its employees, agents, servants, partners, associates, and/or associations and such breach resulted in Defendant employing individuals without the necessary ability, knowledge, or skill to safely and properly prevent, inspect, maintain and/or warn of any

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

hazardous conditions on the subject premises.

32. Defendant owed Plaintiff a duty to reasonably train its employees, agents, servants, partners, associates, and/or associations to perform the necessary job functions and ensure that safety measures were in place to safely and properly prevent, inspect, maintain and/or warn of any hazardous conditions on the subject premises.

33. Defendant breached its duty to reasonably train its employees, agents, servants, partners, associates, and/or associations to perform the necessary job functions and ensure that safety measures were in place to safely and properly prevent, inspect, maintain and/or warn of any hazardous conditions on the subject premises.

34. Defendant owed Plaintiff a duty to reasonably supervise its employees, agents, servants, partners, associates, and/or associations to perform the necessary job functions and ensure that safety measures were in place to safely and properly prevent, inspect, maintain and/or warn of any hazardous conditions on the subject premises.

35. Defendant breached its duty to reasonably supervise its employees, agents, servants, partners, associates, and/or associations to perform the necessary job functions and ensure that safety measures were in place to safely and properly prevent, inspect, maintain and/or warn of any hazardous conditions on the subject premises.

36. Defendant owed Plaintiff a duty to discharge or terminate its employees, agents, servants, partners, associates, and/or associations, who Defendant knew or reasonably should have known, was/were unfit to perform the necessary job functions, including but not limited to, the prevention, inspection, maintenance and/or warning of any hazardous conditions on the subject premises.

37. Defendant breached its duty to discharge or terminate its employees, agents, servants, partners, associates, and/or associations, who Defendant knew or reasonably should have known, was/were unfit to perform the necessary job functions, including but not limited to, the prevention, inspection, maintenance and/or warning of any hazardous conditions on the subject

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

premises.

38. As a direct and proximate cause of said Defendants negligent hiring, training, retention and supervision, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

39. As a further direct and proximate result of said Defendants negligent hiring, training, retention and supervision, Plaintiff incurred expense for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur medical expenses for medical care and treatment.

40. Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorney's fees and costs incurred therein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. General and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);
2. Special damages in excess of Fifteen Thousand Dollars ($15,000.00);
3. Damages for cost of medical care and treatment and costs incidental thereto;
4. Damages for future costs of medical care and treatment and costs incidental thereto;
5. Lost wages and loss of earning capacity;
6. For reasonable attorney fees, costs of suit and interest incurred herein; and
7. For such other and relief as the Court deems just and proper.

DATED this 30th day of June, 2022.

**MAINOR WIRTH, LLP**

*/s/ Ash Marie Blackburn*

______________________________
ASH MARIE BLACKBURN, ESQ.
Nevada Bar No. 14714
*Counsel for Plaintiff*