UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Fabiola Fragoso, <br><br> Plaintiff <br><br> v. <br><br> Wal-Mart, Inc., <br><br> Defendant | Case No. 2:22-cv-01507-CDS-EJY <br><br> **Order Granting in Part Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment** <br><br> [ECF Nos. 48, 53] |

  Plaintiff Fabiola Fragoso brings this slip-and-fall case against defendant Wal-Mart, Inc. ("Walmart") Compl., ECF No. 1–1.[1] On July 31, 2024, Walmart filed a motion for summary judgment. Mot., ECF No. 48. Fragoso filed her opposition to Walmart's motion for summary judgment on August 14, 2024. Opp'n, ECF No. 49. Fragoso then filed her own motion for summary judgment on August 19, 2024. Mot., ECF No. 53. On September 9, 2024, Walmart filed its opposition to Fragoso's motion for summary judgment and its reply to Fragoso's opposition to its own motion for summary judgment. Opp'n, ECF No. 59, Def.'s reply, ECF No. 60. For the reasons herein, I grant in part and deny in part Walmart's motion for summary judgment, and I deny Fragoso's motion for summary judgment.

**I. Background**[2]

  This case arises from a slip-and-fall incident that occurred on July 5, 2020, at the garden department of Walmart store No. 2884 located at 8060 W. Tropical Parkway in Las Vegas, Nevada. ECF No 48 at 2; ECF No. 53 at 18. Fragoso and her boyfriend, James Burris, were in the garden department looking to buy soil. Fragoso dep., Def.'s Ex. A, ECF No. 48-2 at 55:1–3; Fragoso dep., Pl.'s Ex. 3, ECF No. 53-3 at 55:1–3. Fragoso is blind and, at the time of the incident,

---

[1] This case was removed to federal court based on diversity jurisdiction. Pet. for removal, ECF No. 1.
[2] Any citation or summary of the allegations set forth in the motions do not serve as a finding of fact unless stated as such.

she was relying on Burris to guide her through the store. ECF No. 48 at 4; ECF No. 53 at 5. While Fragoso and Burris were shopping, there were two yellow caution cones placed near water on the ground. *See* Security video footage, Def.'s Ex. D, ECF No. 48-5; Surveillance video, Pl.'s Ex. 5. The cones served to warn customers of the water hazard on the ground near several aisles of live plants. *Id.* While walking near the area with the cones and water on the ground, Burris claims that he did not see the yellow cones, and therefore did not warn Fragoso of the water on the ground. Burris dep., Def.'s Ex. B., ECF No. 48-3 at 75:22–76:9; Burris dep., Pl.'s Ex. 4, ECF No. 53-4 at 75:22–76:9. Consequently, just after walking past one of the cones, Fragoso slipped and fell onto her back. Fragoso dep., Def.'s Ex. A, ECF No. 48–2 at 72:22; Fragoso dep., Pl.'s Ex. 3 ECF No. 53-3 at 72:22. Fragoso subsequently filed suit against Walmart alleging negligence, premises liability, and negligent hiring training and supervision. ECF No. 1-1 at 3–9.

## II.  Legal standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."

*Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). "When simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of"—and against—"both motions before ruling on each of them." *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001)).

### III. Discussion

#### A. Walmart's motion for summary judgment

In her complaint, Fragoso alleged negligence and premises liability as two separate claims. ECF No. 1-1 at 3–5. Walmart treats the two claims as a single claim for negligence. ECF No. 48 at 8–12. Fragoso appears to agree, and treats the negligence claim and premises liability claim as a single claim for negligence in her own motion for summary judgment. ECF No. 53 at 24–25. I therefore sua sponte dismiss Fragoso's premises liability claim.[3] *See Arevalo v. Las Vegas Metro. Police Dep't*, 2015 WL 4042001, at *1 (D. Nev. June 30, 2015) (citing *M.M. v. Lafayette School Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012)). Accordingly, I first address Fragoso's negligence claim, and then address the negligent hiring, training, and supervision claim.

##### 1. *Summary judgment is not appropriate for Fragoso's negligence claim.*

A prima facie case for negligence requires the plaintiff to show that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached said duty, (3) the breach caused the plaintiff's injury, and (4) the plaintiff was damaged. *Joynt v. California Hotel & Casino*, 835 P.2d 799, 801 (Nev. 1992). In Nevada, a business owes a duty to its patrons "to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). Walmart argues that Fragoso cannot establish negligence because her failure to exercise due care is the proximate cause of her fall. ECF No. 48 at 9. Specifically, Walmart argues that Fragoso was aware that plant-watering occurs in Walmart's garden department, because

---

[3] Fragoso can allege premises liability as a theory of liability under the negligence claim.

otherwise Walmart would have to sell dry plants, and that the water could cause a hazard to a blind person. *Id.* at 11; Fragoso dep., Def.'s ex. A, ECF No. 48-2 at 60:3–12. Therefore, a reasonably prudent blind person would walk around the garden department with a cane or walking stick, guide dog, or human guide or companion. ECF No. 48 at 11. Walmart claims that it was unreasonable for Fragoso to not get information about the surrounding area from Burris or to not use a cane or a walking stick. *Id.* at 12. It further argues that if she had properly gotten information about her surrounding area from Burris or had been using a cane or a walking stick, she would have been able to avoid walking through the area where the incident occurred. *Id.*

In response, Fragoso argues that Walmart created the hazardous condition by (1) failing to follow policy and procedure dictating that managers were responsible for directing the process of watering plants, (2) requiring that the Garden Department employees leave pooled water unattended for an hour to complete other tasks in the store, (3) failing to train its employees to place cones in the actual area of the hazard, (4) failing to utilize maintenance employees or towels to protect customers from hazards in the Garden Department like Walmart does in it store, and (5) ignoring employees' requests to fix the problem. ECF No. 49 at 21–22. Fragoso relies heavily on depositions from Walmart employee Dark Sword and Walmart manager Josh Oberhausen to make this argument. *See, e.g., id.* at 8–14. Further, Fragoso argues that she was not negligent because she reasonably relied on Burris to be her companion and that Walmart does not cite to any case law that establishes that a blind plaintiff is negligent when they utilize a companion for assistance but that companion "does not appreciate and warn of the hazard." *Id.* at 27.

In its reply, Walmart argues that Fragoso misconstrues testimony of witnesses in concluding that there was any failure to maintain the floor. ECF No. 60 at 3. Additionally, Walmart states that it fulfilled its duty because it provided cones near the water to alert customers to the wet condition of the floor, and that putting the cone on top of the water would not have changed the outcome because Mr. Burris stated that he was looking for soil and did not

4

see the cone or the water. *Id.* at 5. In response to Fragoso's arguments that Walmart should have dried the floor with towels, Walmart argues that there is no hazard if a surface is supposed to be wet through design and placement. *Id.* It also argues that the surface of the garden department is made of "roughened concrete, slip resistant flooring designed to be wet and code complaint which requires different cleaning methods than simply drying the floor with towels" and that Fragoso is once again misconstruing witness testimony. *Id.* at 6.

Although there is video security footage showing that Walmart put cones down near the water, it is a dispute of material fact whether the cone was appropriately placed to put Walmart patrons on notice of the hazardous condition of the floor. Indeed, both Walmart and Fragoso provide expert reports that provide opposite conclusions as to (1) whether Walmart adequately provided notice of the water, (2) whether Walmart provided policies, procedures, and training for its employees and reasonable care for floor maintenance, and (3) whether the walkway was slip resistant. *Compare* Grant expert report, Def.'s Ex. E, ECF No. 48-6 *with* Dixon expert report, Pl.'s Ex. 12, ECF No. 53-10. It is well established that summary judgment is inappropriate where the parties' expert reports are in disagreement. *See, e.g., G.M.M. v. Kimpson*, 92 F. Supp. 3d 53, 63 (E.D.N.Y. 2015) (internal citation omitted). The credibility of competing expert witnesses is a matter for the jury and should not be decided on summary judgment. *See City of Pomona v. SQM N. Am Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) ("A district court should not make credibility determinations that are reserved for the jury."). A reasonable jury could find that Walmart breached its duty of care by failing to properly clean up the water or by failing to properly place the cone to give notice to patrons of the hazardous condition of the floor.

Further, Walmart also disputes whether Fragoso was actually holding on to Burris (i.e. utilizing her companion for assistance) at the time of her fall. ECF No. 48 at 11. The security footage does not provide a clear answer as to whether Fragoso was holding on to Burris or not. Thus, a reasonable juror could find that Fragoso was acting as a reasonably prudent blind person

when she slipped and fell. Summary judgment is therefore not appropriate on Fragoso's negligence claim.

### 2. *Summary judgment is appropriate for the negligent hiring, but not the training and supervision claim.*

The tort of negligent hiring imposes a "general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Freeman Expositions, LLC v. Eighth Jud. Dist. Ct.*, 520 P.3d 803, 822 (Nev. 2022). An employer breaches that duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities. *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996). Walmart argues that there is no evidence indicating it failed to conduct reasonable background checks with respect to its employees and that no evidence suggests that Walmart employees possessed any "dangerous propensities" or that the employees were not fit for their positions. ECF No. 48 at 13. In her opposition, Fragoso does not address her negligent hiring claim and thus concedes this claim. *Barry v. U.S. Dep't of Veteran Affs.*, 2024 U.S. Dist. LEXIS 205711, at *4 (C.D. Cal. Sep. 24, 2024) (finding that plaintiff conceded argument by failing to address defendant's argument in its opposition). I find summary judgment is appropriate on this claim, so I grant Walmart's motion on the negligent hiring claim. Fed. R. Civ. P. 56(e)(2) ("If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.").

To establish a claim for negligent training or supervision, a plaintiff must show: (1) that the defendant owed a duty of care to her, (2) the defendant breached that duty by not using reasonable care in training and supervising its employees to ensure that they are fit for their positions, (3) causation, and (4) damages. *See Roaque v. Walmart, Inc.*, 2024 U.S. Dist. LEXIS 99609 at *7–8 (D. Nev. June 5, 2024) (citing to *Freeman Expositions*, 520 P.3d at 811). Walmart argues that there is no evidence suggesting that its policies and procedures for inspecting, identifying, and remedying any hazards or for watering plants in the garden department are inappropriate.

ECF No. 48 at 13. It insists that there is no evidence that enforcement of its policies, supervision of the enforcement of its policies, or its policies themselves caused Fragoso to be unaware of the yellow cone in the area or the large wet area on the outdoor concrete next to the plants. *Id.* In her opposition, Fragoso argues that Walmart's own employees have admitted to (1) their ignorance of policies and procedures applicable to the garden department, (2) a lack of training regarding their placement of cones, (3) their own recognition of safety hazards in the garden department, (4) their superiors' knowledge of the hazards and failure to remedy them, and (5) Walmart's preference for speed over safety. ECF No. 49 at 26. In its reply, Walmart emphasizes that it followed procedures and properly trained its employees. ECF No. 60 at 6.

      A reasonable jury could conclude that Walmart failed to use reasonable care in the training and supervision of its employees with respect to handling excess water on the floor of the garden department. Fragoso claims that on the day of the incident, and despite Walmart's policy to never leave a hazard unattended,[4] Sword left the area with the excess water on it unattended. ECF No. 49 at 2. Walmart's Rule 30(b)(6) witness, Frank Andrew Bonomo III, does not dispute that it is Walmart's policy to never leave a spill or hazard unattended. Bonomo dep., Pl.'s Ex. 10, ECF No. 53-8 at 90:18–91:25. However, Oberhausen testified that the policy to never leave a spill or hazard unattended is just for the indoor parts of the store, and not for the garden department. Oberhausen dep., Pl's. Ex. 11, ECF No. 53-9 at 55:10–20. He states that the policy for excess water in the garden department is to place cones near the water. *Id.* Neither Walmart's motion for summary judgment, nor its reply to Fragoso's opposition, describe specifically what policies Walmart has in place to deal with the excess water on the floor of the garden department, if any. Therefore, there remains a genuine issue of material fact as to whether Walmart had proper policies in place for dealing with the excess water commonly found in the

---

[4] Fragoso cites to "Policy and Procedures at Exhibit 7" to support this argument. ECF No. 49 at 19 ¶ 12. However, Exhibit 7 is an order dealing with sanctions in a different case. *See* ECF No. 49-5. Any references to the "never leave a hazard unattended policy" are derived from depositions that acknowledge the policy.

7

garden department and whether the employees were properly trained on said policy. *See Monarrez v. Wal-Mart Stores, Inc.*, 2023 U.S. Dist. LEXIS 118022, at *13 (D. Nev. May 26, 2023) (denying summary judgment on negligent training and supervision claim where Walmart's policy was not being followed by its employees). As a result, I deny Walmart's summary judgment motion as to this claim.

### B. Fragoso's motion for summary judgment

Fragoso filed her own motion for summary judgment arguing that I should find for her on her negligence claim, premises liability claim, and negligent hiring training and supervision claim. ECF No. 53.

#### *1. Summary judgment is not appropriate for Fragoso's negligence claim.*

In Nevada, a business owes a duty to its patrons "to keep the premises in a reasonably safe condition for use." *Sprague*, 849 P.2d at 322. Fragoso argues that she is entitled to summary judgment on her negligence claim because there is no genuine dispute that a Walmart employee caused water to be on the ground where she slipped, creating a hazardous condition, and therefore Walmart must be held liable. ECF No. 53 at 25. In its opposition, Walmart argues that the wet floor in the garden department was not in and of itself a hazardous condition because the constant watering of plants means it is common knowledge someone will be confronted with wet floors. ECF No. 59 at 5. Walmart also argues that it took necessary precautions to alert patrons to the water by placing cones near the water. *Id.* at 6–7. Further, Walmart argues that Fragoso chose to rely solely on her companion to walk her through the garden department and that it was his responsibility to warn Fragoso of any hazards in her path. *Id.* at 7.

Although it is not disputed that there was water on the floor of the garden department, it is a genuine issue of material fact as to whether the cones were enough to alert all patrons of the hazardous wet floor. Additionally, as I mentioned above, the conflicting expert reports presented by both Fragoso and Walmart make summary judgment inappropriate on this issue. *See G.M.M.*, 92 F. Supp. 3d at 63 ("Summary judgment is inappropriate where the parties' expert

reports are in disagreement."). A reasonable jury could find that Walmart did not breach its duty of care because it took proper precautions to warn patrons of the water and that the water was properly dealt with, especially within the context of a garden department. Further, it is a dispute of material fact whether Fragoso was actually holding on to Burris at the time of the fall. A reasonable juror could find that Fragoso was not acting as a reasonably prudent blind person when she slipped and fell. As a result, I deny Fragoso's summary judgment motion on her negligence claim.

### 2. *Summary judgment is not appropriate for the negligent training and supervision claim.*[5]

Fragoso argues that she is entitled to summary judgment on the negligent training and supervision claim because Walmart's own employees have admitted to (1) their ignorance of policies and procedures applicable to the garden department; (2) a lack of training regarding the placement of cones; (3) their own recognition of safety hazards in the garden department by virtue of plant watering, defective concrete, drain placement, and an ineffective method of clearing the water; (4) their superiors' knowledge of the hazards and failure to remedy them; and (5) Walmart's preference for speed over safety. ECF No. 53 at 25–26. In its opposition, Walmart argues that Fragoso misstates the witness testimony and that there is no evidence presented suggesting that any of Walmart's policies and procedures for dealing with hazards in the garden department were inappropriate or that the policies, their enforcement, or their supervision of the enforcement caused Fragoso to "be unaware of the tall, yellow caution cone in the area or reportedly large wet area of the outdoor concrete walking surface next to the plants." ECF No. 59 at 8–9.

As I explained above when analyzing Walmart's motion for summary judgment, there are genuine issues of material fact as to as to whether Walmart had policies for dealing with the excess water and whether the employees were properly trained on any relevant policies. Given

---

[5] Fragoso does not allege negligent hiring in her own motion for summary judgment.

Oberhausen's testimony that the procedure for dealing with water in the garden department was to put cones down to warn patrons, a reasonable jury could find that, by placing the cones near the water, the employees were following proper Walmart procedure. *See Carson v. Walmart, Inc.*, 2021 U.S. Dist. LEXIS 215830, at *10 (D. Nev. Sep. 27, 2021) (stating that evidence of a defendant's policies and procedures supports that the defendant properly trained and supervised its employees). Therefore, I deny Fragoso's summary judgment on this claim.

IV.     Conclusion

IT IS THEREFORE ORDERED that Walmart's motion for summary judgment [ECF No. 48] is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Fragoso's motion for summary judgment [ECF No. 53] is DENIED.

Dated: December 6, 2024

_____
Cristina D. Silva
United States District Judge